```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
COREY HARRIS,

                  Petitioner,

         -against-                        06 Civ. 7824 (DAB)
                                          MEMORANDUM & ORDER
SUPERINTENDENT J.T. SMITH,

                  Respondent.
------------------------------------x
```

DEBORAH A. BATTS, United States District Judge.

Petitioner Corey Harris, proceeding pro se, seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court, New York County, for Gang Assault in the First Degree, in violation of New York Penal Law § 120.07. (Pet., at ¶ 4.) On January 5, 2011, United States Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report") recommending that Mr. Harris's Petition be dismissed in its entirety. Mr. Harris filed timely objections to the Report. For the reasons stated herein, this Court ADOPTS the Report and DISMISSES the Petition.

## I. BACKGROUND

The facts underlying Mr. Harris's conviction are set forth in the Report and will not be repeated here. The Petition challenges Mr. Harris's conviction on three grounds: 1) the evidence at trial did not establish beyond a reasonable doubt

that Petitioner was a participant in the crime; 2) the prosecutor failed to disclose evidence regarding identification of Petitioner in a line-up; and 3) the Petitioner's sentence was "patently unfair" in comparison with the sentences received by another participant in the assault. (Pet., at ¶ 13.)

Magistrate Judge Freeman found in the Report that: (1) the evidence presented at trial was adequate to support Petitioner's conviction (Report, p. 13); (2) Petitioner's claim regarding the prosecutor's failure to preserve and produce statements regarding the misidentification were based in state law and therefore not cognizable on habeas review (Report, p. 14); and (3) Petitioner's sentence was in accordance with state law and was not arbitrary (Report, p. 16).

Because Petitioner is proceeding <u>pro se</u>, the Court considers his submissions liberally, and interprets them to raise the strongest arguments they can suggets. <u>See</u> <u>Soto v. Walker</u>, 44 F.3d 169, 173 (2d Cir. 1995). Petitioner raises three objections to the Report: (1) the evidence was insufficient to support a conviction; (2) Petitioner's claim regarding the unproduced evidence arises under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), and is thus cognizable on habeas review; and (3) Petitioner's sentence violated the Eighth Amendment's ban on cruel and unusual punishment.

II. DISCUSSION

A. Standard of Review

When a party objects to a Report and Recommendation, the Court is required to make a "<u>de novo</u> determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In addition, the Court may adopt those portion of the Report and Recommendation to which no timely objections have been made, so long as there is no clear error on the face of the record. <u>See</u> 28 U.S.C. § 636(b)(1)(A). After conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); <u>see also</u> Local Civil Rule 72.1(d).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); see also Hoi Man Yung v. Walker, 468 F.3d 169, 176 (2d Cir. 2006); Ernst J. V. Stone, 452 F.3d 186, 193 (2d Cir. 2006). The phrase "clearly established Federal law" limits the law governing a habeas Petitioner's claims "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Carey v. Musladin, 549 U.S. 70, 74 (2006) (quoting Williams, 529 U.S. at 365); see also Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

"The 'unreasonable application' standard is independent of the 'contrary to' standard . . . [and] means more than simply an 'erroneous' or 'incorrect' application of federal law." Henry v. Poole, 409 F.3d 48, 68 (2d Cir. 2005) (citing Williams, 529 U.S. at 410). A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identifies the governing legal rule, but applies it in an unreasonable manner to the facts of a particular case. See Williams, 529 U.S. at 413. Thus, the inquiry for a federal court

4

is not whether the state court's application of the governing law was erroneous or incorrect, but, rather, whether it was "objectively unreasonable." Id. at 408-10; see also Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001) ("[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently.  The state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable.")

Finally, under AEDPA, "a determination of a factual issue made by a state court shall be presumed to be correct.  The [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003).  A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

B. Sufficiency of the Evidence

Petitioner objects that "[w]itnesses Torres and Bason were unable to identify the Petitioner as the assailant herein prior to trial, but were miraculously able to do so at trial." (Obj.,

5

at 1-2.)  Federal habeas courts, however, "are not free to reassess the fact[-]specific credibility judgments by juries or to weigh conflicting testimony." Vera v. Hanslmaier, 928 F. Supp. 278, 284 (S.D.N.Y. 1996) (quoting Andersson v. Senkowski, No. 92 Civ. 1007, 1992 WL 225576, at *3 (E.D.N.Y. Sept. 3, 1992), aff'd, 992 F.2d 320 (2d Cir. 1993)).

Reviewing the Report de novo, this Court agrees with Magistrate Judge Freeman that the evidence was legally sufficient to support Petitioner's conviction.  Petitioner's trial counsel cross-examined the witnesses vigorously in an attempt to raise doubts as to their credibility and their identification of the Petitioner. (See, e.g., Trial Tr., at 43-47, 80-86, 170-92, 195-205).  This Court is not free to second-guess the credibility judgments made by the jury at trial. Vera, 928 F. Supp. at 284.

C.  The Prosecution's Failure to Produce Material

In a line-up on May 9, 2002, witness Bason failed to identify Petitioner as a participant in the crime for which he was eventually convicted. (Trial Tr., at 90, 96-100.)  In June 2002, however, the prosecution informed defense counsel that immediately following the line-up, Bason told a police officer that she had actually recognized Petitioner as one of the assailants, but had failed to identify him because she feared

6

retribution. (Trial Tr., at 99.) The prosecution stated that the police officer took notes of the conversation, but that the notes were lost. (Id., at 101-03.) The trial court judge gave the jury two adverse-inference instructions, but declined to impose Petitioner's proposed sanction, which was to preclude the prosecution from relying on the post-line-up statements to rehabilitate the witness. (See Id., 45-52, 98-100, 211-12, 626-27.)

Magistrate Judge Freeman construed Petitioner's argument with respect to the lost notes as a claim under People v. Rosario, 9 N.Y.2d 286 (1961),[1] which is a state-law claim and thus not cognizable on federal habeas review. (See Report, at 14-16.) Petitioner objects that the failure to produce the notes is a violation of his rights under Brady v. Maryland, 373 U.S. 83, 87 (1963), and thus cognizable on federal habeas review. (Obj., at 4.)

As an initial matter, any claim under Brady is unexhausted, because Petitioner never raised the claim in federal, constitutional terms to any state court. See 28 U.S.C.

---

[1] The rule in Rosario, later codified as New York Criminal Procedure Law § 240.45(1)(a), states that a criminal defendant is entitled to examine any prior statement of a witness called by the prosecution, where the prior statement relates to the subject matter of the witness' testimony.

7

§ 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state . . ."; O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); (Litsky Decl. Ex. A) (raising Petitioner's claim regarding the lost material as a violation of Rosario). Nevertheless, Courts within the Second Circuit have found that unexhausted claims may be denied on the merits where they are "patently frivolous" or where "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." See Sullivan v. Goord, No. 06 Civ. 6593, 2010 WL 1257955, at *4 (W.D.N.Y. Mar. 26, 2010); Colorio v. Hornbeck, No. 05 Civ. 4984, 2009 WL 811588, at *3 (E.D.N.Y. Mar. 3, 2009); Hernandez v. Lord, No. 00 Civ. 2306, 2000 WL 1010975, at *4 n.8 (S.D.N.Y. July 21, 2000).

Here, Petitioner's Brady claim does not raise even a colorable federal claim. To establish a Brady violation, the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). The notes here, however, which explained away the witness's inability to identify the Petitioner at a line-up, were clearly inculpatory and rehabilitative, rather

8

than exculpatory or impeaching.  Failure to produce the notes was not a violation of Brady.

D.  Length of Sentence

Magistrate Judge Freeman correctly found that to state a cognizable claim for cruel and unusual punishment under the Eighth Amendment, Petitioner must generally allege that the statute under which he was sentenced is itself unconstitutional, which he has not done.  See United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968).  Petitioner objects that claims alleging that a sentence was imposed in violation of state law are cognizable, and that a sentence is in violation of state law where it is cruel and unusual.  (See Obj., at 5-7.)  Petitioner claims that his sentence is cruel and unusual because another defendant convicted for the same conduct received a much lighter sentence.  (Obj., at 7.)

Magistrate Judge Freeman correctly found that Petitioner was not similarly situated to another defendant convicted for the same conduct, given that the other defendant cooperated with the government and pleaded guilty to a lesser charge.  (Report, at 17.)  Where he was not similarly situated, his sentence is not "cruel and unusual" in comparison.

9

## III. CONCLUSION

Having reviewed the remainder of the Report and finding no clear error on the record, and having conducted an independent <u>de novo</u> review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

1.  The Report of United States Magistrate Judge Debra C. Freeman dated January 5, 2011, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court;

2.  Petitioner's § 2254 Petition is DISMISSED WITH PREJUDICE;

3.  This Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A), because Petitioner has not "made a substantial showing of the denial of a constitutional right"; and

4.  The Clerk of Court is directed to CLOSE the docket in this case.

SO ORDERED.

Dated:   New York, New York
         March 7, 2011

_Deborah A. Batts_
DEBORAH A. BATTS
United States District Judge